Vincent M. PIAZZA, et al.

v.

MAJOR LEAGUE BASEBALL, et al.

Civ. A. No. 92–7173.

United States District Court,
E.D. Pennsylvania.

Oct. 14, 1993.

Bruce W. Kaufmann, Mark J. Levin, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, PA, for plaintiffs.

Bruce W. Kauffman, Dilworth, Paxson, Kalish & Kauffman, Arthur Makadon, Philadelphia, PA, for defendants.

*MEMORANDUM*

PADOVA, District Judge.

On August 4, 1993, I entered an order granting in part and denying in part defendants' motion to dismiss plaintiffs' complaint.[1] Defendants (collectively, Baseball)

---

1. *See Piazza v. Major League Baseball,* 831 F.Supp. 420 (E.D.Pa.1993), dismissing plaintiffs' direct federal constitutional claims and denying

the motion as to claims under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1 and 2 (West 1973 and Supp.1993), 42 U.S.C.A. § 1983 (West 1981), and

have moved for the amendment of that order to certify for immediate appeal to the United States Court of Appeals for the Third Circuit the denial of defendants' motion to dismiss the antitrust claims. Baseball has proposed the questions on which certification is sought: "[1] Is Baseball's exemption from the antitrust laws limited to the reserve clause and, [2] if not, does it encompass relocation and/or ownership issues?" (Baseball Letter Mem., Sept. 3, 1993 at ¶ 1). For the following reasons, I will deny the motion and will not certify the issue for immediate appeal.

▪ The denial of a motion to dismiss is interlocutory and generally not appealable. However, federal law permits immediate appeals in certain circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292(b) (West 1993).

▪ The decisions by both the trial judge and the appellate court in certification are discretionary; however, certification is appropriate only in "exceptional" cases. *See Rottmund v. Continental Assurance Co.,* 813 F.Supp. 1104, 1112 (E.D.Pa.1992). *See also Link v. Mercedes–Benz of N. Am.,* 550 F.2d 860, 863 (3d Cir.) ("We cannot sanction an erosion of the prohibition against 'piecemeal' appellate review."), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977). Before an order can be certified all three of the factors identified in § 1292(b) must be met; the importance of a single factor, standing alone, cannot be determinative. *See Katz v. Carte Blanche Corp.,* 496 F.2d 747, 754 (3d Cir.) ("[T]he district judge must certify that the order satisfies the three criteria."), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974).[2]

### Controlling Question of Law

▪ In the Third Circuit, a controlling issue of law is one that "would result in a reversal of a judgment after final hearing." *Katz,* 496 F.2d at 755. To make that determination here, the entire antitrust issue must be considered. The holding of the case is that Baseball's antitrust exemption is limited to the "reserve system." To establish a full record in the event of certification, but without making any determination of certification at that time, I provided in the order of August 4, 1993, an alternative basis for denying Baseball's motion to dismiss: that even if the exemption were not limited to the reserve system, the record was insufficient for me to determine whether the ownership and relocation of teams constitute the "business of baseball" and are therefore protected by the antitrust exemption. Although this alternative is not the holding in the case, and has no present role in this action in the absence of certification, its implications must be con-

state law. Familiarity with that opinion is assumed in the following discussion.

2. This construction of the statute is consistent with the legislative history, including the rejection by the Judicial Conference of the United States of a proposed version of section 1292(b) with more expansive language, similar to 28 U.S.C.A. § 1254(2) (West 1993), which grants the Supreme Court jurisdiction to review questions of law certified by a court of appeals and which does not require consideration of the advancement of the litigation. *See* Note, *Interlocutory*

*Appeals in the Federal Courts Under 28 U.S.C. § 1292(b),* 88 Harv.L.Rev. 607, 610–12 & n. 29 (1975). The Note also discusses the four situations in which interlocutory appeals were anticipated under this section: where an extended accounting would be necessary, where a long trial would be avoided because of a defense going to the right to maintain the action, situations involving third-party defendants, and certain transfer issues. *See id.* at 611–12. None of these situations fully applies here.

sidered within the context of the certification decision.[3]

The nature and extent of Baseball's antitrust exemption may be a controlling issue of law. In order for it to be controlling as to the antitrust count, however, the Court of Appeals would have to rule that the antitrust exemption extends beyond the reserve clause and also rule, without the need for factual development, that the ownership and relocation issues constitute the "business of baseball." Even if the Court of Appeals so ruled, there would be a controlling issue only as to one count of a multi-count complaint. Under such circumstances, it is appropriate to be particularly cautious in deciding whether to certify. *See* Note, *supra* note 2, at 622.

*Substantial Ground for Difference of Opinion*

The second factor is whether there is a substantial ground for difference of opinion with the antitrust decision. Other courts considering the issue have concluded that Baseball's antitrust exemption extends beyond the reserve system. *See, e.g., Charles O. Finley & Co. v. Kuhn,* 569 F.2d 527 (7th Cir.), *cert. denied,* 439 U.S. 876, 99 S.Ct. 214, 58 L.Ed.2d 190 (1978). Therefore, I find that there is substantial ground for difference of opinion.

*Materially Advance the Ultimate Termination of the Litigation*

After reviewing the parties' submissions and studying the issues involved in this litigation, I cannot conclude that immediate appeal of one claim in this lawsuit may materially advance the ultimate termination of the litigation. Determining whether certification will benefit the litigation necessarily requires prognostication. Unlike other predictions regarding the course of litigation, such as discovery deadlines or severance, the decision to grant certification cannot be altered if circumstances later warrant. Therefore, I must examine carefully all of the implications and possible consequences of certification.

I must consider whether certification likely will result in a single trial or multiple trials, whether there likely will be a single appeal or multiple appeals, whether there likely will be undue delay, and whether costs likely will be reduced. One method of evaluation is whether "there will be a net reduction in the duration or costs of the litigation should the challenged order be reversed." Note, *supra* note 2, at 627. The second approach is to balance the possible results of appeal with the resulting costs. Under either approach, certification would not produce the desired savings.

With regard to time factors alone, the parties have submitted a joint proposed case management order with a trial date of July 18, 1994, less than ten months from now. A review of Third Circuit cases reveals that the time from the district court's certification or the appellate court's allowance of appeal in § 1292(b) cases to the decision may approach or exceed one year.[4] Also, if the Court of Appeals were to grant rehearing en banc, or the Supreme Court were to grant certiorari, the delay would be considerably longer. Therefore, it is likely that the case would be ready for trial substantially before a decision on appeal. This does not produce a net savings.

---

3. The consequences of whether or not the determination that team ownership and relocation constitute the "business of baseball" requires factual development will be discussed in the context of material advancement of the litigation.

4. *See, e.g., Westinghouse Elec. Corp. v. Franklin,* 993 F.2d 349 (3d Cir.1993) (appeal granted September 8, 1992, decided May 19, 1993); *Grant v. Shalala,* 989 F.2d 1332 (3d Cir.1993) (argued March 10, 1992, decided March 5, 1993, rehearing denied April 7, 1993); *Friedrich v. U.S. Computer Servs.,* 974 F.2d 409 (3d Cir.1992) (certified by the district court December 20, 1991, decided September 9, 1992); *Stinson v. Kaiser Gypsum Co.,* 972 F.2d 59 (3d Cir.1992) (certified by the district court September 16, 1991, decided August 12, 1992); *Ivy Club v. Edwards,* 943 F.2d 270 (3d Cir.1991) (certified by the district court October 15, 1990, decided August 21, 1991; rehearing denied September 16, 1991), *cert. denied sub nom. Del Tufo v. Ivy Club,* — U.S. ——, 112 S.Ct. 1282, 117 L.Ed.2d 507 (1992); *Nicholson v. CPC Int'l,* 877 F.2d 221 (3d Cir.1989) (appeal granted July 6, 1988; decided June 2, 1989; rehearing denied July 10, 1989); *Cipollone v. Ligget Group, Inc.,* 789 F.2d 181 (3d Cir.1986) (appeal granted January 21, 1984; decided April 7, 1986; rehearing denied May 9, 1986), *cert. denied,* 479 U.S. 1043, 107 S.Ct. 907, 93 L.Ed.2d 857 (1987).

More significantly, several claims may proceed to trial regardless of the disposition of the antitrust claims. If this were only an antitrust case, and the entire action would rise or fall with disposition of the appeal, the third factor would weigh much more heavily in favor of certification; an entire discovery period and trial could be avoided. Such is not the case here. *See McNulty v. Borden, Inc.,* 474 F.Supp. 1111, 1122 (E.D.Pa.1979) (declining to certify the denial of a motion to dismiss antitrust and breach of contract claims, where defamation claims would still proceed to trial).

■ The effect of certification of the antitrust claims on discovery and trial is disputed by the parties. From my review of the pleadings and the submissions, it appears that many of the same factual witnesses will be required for both the antitrust and the § 1983 claims; however, the scope of their testimony may be broader, and expert witness discovery and testimony will be required in connection with the antitrust claims that is not common to the other claims.[5] Neither plaintiffs nor defendants have been able to estimate the degree to which the antitrust claims would prolong the trial.[6]

Because some triable issues remain, if the case were certified, in all likelihood an appeal would not be resolved before the case was ready for trial.[7] Therefore, if I grant certification I would face the option of staying the entire matter or of proceeding with trial on the § 1983 and state law claims, while awaiting a decision from the Court of Appeals on the antitrust issues. Staying the entire action would be unfair to the plaintiffs: they would be penalized for the decision in their favor on the antitrust claims on the motion to dismiss (if the motion to dismiss the antitrust claims had been granted, trial would not be delayed on the remaining claims). Proceeding through discovery to trial on the § 1983 and state law claims alone would raise the possibility of two trials and a second appeal if the certified order is affirmed, wasting considerable time and resources and raising preclusion difficulties.

If the Court of Appeals reversed the order and ruled that the antitrust exemption extends beyond the reserve clause and (on the alternative holding) that the ownership and relocation matters constitute the "business of baseball" and so are exempt from antitrust liability, then trial costs may be reduced because the antitrust issue need not be tried. *See, e.g., Kline v. First Western Gov't Sec.,* 794 F.Supp. 542, 557 (E.D.Pa.1992). However, discovery would in all likelihood continue, and time would still be lost during the pendency of the appeal.

Finally, if the Court of Appeals were to rule that the antitrust exemption extended beyond the reserve clause, but that a record would have to be developed before determining whether the actions relating to ownership and relocation constitute the "business of baseball," then discovery would still be necessary and perhaps trial, with another appeal arising from any ruling relating to the "business of baseball." Again, neither time nor money would be saved.

In contrast, avoiding piecemeal appeals will permit the Court of Appeals to have the entire controversy presented to it at one

---

5. The proposed case management order provides for a separate period of expert discovery of only two months for written discovery and oral depositions, and there is no indication from the parties that only the antitrust claims require expert testimony.

6. The burden is on the moving party to show that certification may materially advance the ultimate termination of the litigation. *See Rottmund,* 813 F.Supp. at 1112; *Chalfin v. Beverly Enters.,* 745 F.Supp. 1117, 1122 (E.D.Pa.1990); *Max Daetwyler Corp. v. R. Meyer,* 575 F.Supp. 280, 283 (E.D.Pa.1983); *In re Magic Marker Sec. Litig.,* 472 F.Supp. 436, 438–39 (E.D.Pa.1979) ("[T]he party seeking certification need not demonstrate

that the litigation will certainly be expedited by an interlocutory appeal [but] should come forward with something more than mere conjecture in support of his claim that certification may save the court and the parties substantial time and expense."). Of course, the denial of a motion to dismiss in no way means that the antitrust, or other claims, will reach trial.

7. Baseball stresses in its submissions that settlement will not be possible in the absence of certification, and that therefore certification will materially advance the ultimate termination of the litigation by making settlement possible. I reject this as a controlling contention for § 1292(b) certification in this case.

time, on a full record from which it can make a final determination of the issues in the case.[8] This is especially true where there is overlap among the causes of action. *See, e.g., Westwood Pharmaceuticals v. National Fuel Gas Distribution Corp.*, 964 F.2d 85, 88 (2d Cir.1992) ("Many of the same factual issues relevant to [one] defense would still have to be litigated [in connection with a statutory provision].").  As a matter of policy, "[b]reaking [the action] into parts to be reviewed individually is inefficient and unnecessary." *Chalfin*, 745 F.Supp. at 1122.  Instead of promoting efficiency and certainty, which are the goals of § 1292(b), interlocutory appeal in this case would create the potential for chaotic litigation, with many likely results that would complicate rather than simplify, and compound costs and time. When the risk of some ultimately unnecessary discovery and part of a trial is balanced against the risk of substantial delay and multiple trials with multiple appeals, I cannot rule that certification may materially advance the ultimate termination of the litigation. Therefore, Baseball's motion must be denied.

An appropriate order follows.

### ORDER

AND NOW, this 14th day of October, 1993, upon consideration of defendants' motion for certification (Document No. 16), the response thereto, and all submissions in connection therewith,

It is hereby ORDERED that the motion is DENIED.

---

8. Baseball, in moving for certification, has argued that without certification the order limiting the exemption to the reserve clause may be unreviewable, for example if Baseball prevails on the substance of the antitrust claims.  Although I recognize the importance of the issue to Baseball, this consideration does not alter the fact that immediate appeal may not materially advance the ultimate termination of the litigation. In fact, it militates against certification, because the piecemeal appeal would then be of an issue otherwise moot to this case.