**ORSON, INC., Plaintiff,**

v.

**MIRAMAX FILM CORPORATION, Defendant.**

No. 93–CV–4145.

United States District Court, E.D. Pennsylvania.

Nov. 15, 1994.

Niels Korup, Spector, Gadon & Rosen, P.C., Philadelphia, PA, for plaintiff.

Thomas E. Zemaitis, Barbara T. Sicalides, Pepper, Hamilton & Scheetz, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

### I. BACKGROUND

The plaintiff in this case, Orson, operates the Roxy movie theater in Center City Philadelphia. Orson brought this lawsuit against Miramax Film Corporation (Miramax) alleging, inter alia, that Miramax's film licensing practices violate not only the Sherman Act, but also section 203–7 of Pennsylvania's Feature Motion Picture Fair Business Practices Law, 73 Pa.Stat. §§ 203–1—203–11 (1993) (the Pennsylvania Act). On October 6, 1994, this Court entered an order of summary judgment in favor of Miramax with respect to Orson's Sherman Act claim. Further, this Court held that Miramax could incur no section 203–7 liability for nine films that expanded to other theaters in the greater Philadelphia metropolitan area on or before the forty-third day of their runs at the Ritz, a rival theater. *See Orson, Inc. v. Miramax Film Corp.*, 862 F.Supp. 1378 (E.D.Pa.1994). Orson has now filed this motion requesting certification of this order for immediate appeal pursuant to 28 U.S.C. § 1292(b). Orson argues that the issues decided in the order involve controlling questions of law as to which there are substantial grounds for a difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

### II. DISCUSSION

Pursuant to 28 U.S.C. § 1292(b), a district judge may certify an order for immediate appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b). The decision to certify an order for immediate appeal lies within the sound discretion of the trial court. *Delaware Valley Toxics Coalition v. Kurz–Hastings, Inc.*, 813 F.Supp. 1132, 1142 (E.D.Pa. 1993). Moreover, the burden is on the movant to demonstrate that a 1292(b) appeal is warranted. *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1112 (E.D.Pa. 1992).

In *Zygmuntowicz v. Hospitality Invs., Inc.*, 828 F.Supp. 346, 353 (E.D.Pa. 1993), this Court set forth the standards to be applied in deciding whether a 1292(b) appeal is appropriate in a given case. First, the statute itself recites three requirements: (1) the order from which the appeal is taken must involve a controlling question of law; (2) there must be substantial grounds for a difference of opinion concerning the issue; and (3) an immediate appeal should materially advance the ultimate termination of the litigation. *Id.* (citing *Urbach v. Sayles*, 779 F.Supp. 351, 353 (D.N.J.1991)). The district court should certify an order for immediate appeal only if all three requirements are met. *Piazza v. Major League Baseball*, 836 F.Supp. 269, 271 (E.D.Pa.1993). Further, a court should exercise its discretion mindful of the strong policy against piecemeal appeals. *Id.* at 270; *Zygmuntowicz*, 828 F.Supp. at 353. As a result, the 1292(b) appeal is the exception, to be used only in the rare case where an immediate appeal would avoid expensive and protracted litigation. *Id.* (citations omitted). With these considerations in mind, the Court turns to the substance of Orson's motion. Since the parties agree that the order concerns controlling issues of law,[1] the Court will consider the grounds for appeal in light of the second and third requirements listed in section 1292(b).

### A. Substantial Grounds for a Difference of Opinion

At the outset, Orson has failed to convince this Court that substantial grounds for a difference of opinion exist with respect to the Court's ruling on the antitrust issue. Orson's argument in support of an immediate appeal is essentially a rehash of the argument it made at the summary judgment stage. Indeed, Orson does not point to a single case in support of its view that the Sherman Act requires Miramax to license its films to Orson. There is simply no support for the position that Orson advocates: that antitrust laws were enacted to enhance competition among exhibitors of individual films. On the contrary, the previous cases have

consistently held that interbrand competition is the primary focus of antitrust law. *Business Electronics Corp. v. Sharp Electronics Corp.*, 485 U.S. 717, 724, 108 S.Ct. 1515, 1521, 99 L.Ed.2d 808 (1988); *Continental T.V., Inc. v. GTE Sylvania, Inc.*, 433 U.S. 36, 52 n. 19, 97 S.Ct. 2549, 2558 n. 19, 53 L.Ed.2d 568 (1977). Presented with Orson's interpretation of the Sherman Act, with its emphasis on intrabrand competition, and the interpretation advanced by Miramax that serves interbrand competition, the Court ruled in favor of Miramax. The Court's decision was entirely consistent with existing law.

In addition, there appear to be no substantial grounds for a difference of opinion concerning this Court's interpretation of section 203–7. While the wording of the provision permits each of the different readings advocated by the parties, the courts that have addressed this provision have determined that its primary purpose is not to foster competition among rival film exhibitors, but to achieve the wide distribution of feature films throughout Pennsylvania. Indeed, the United States Court of Appeals for the Third Circuit, the very court to which Orson seeks immediate appeal, has commented on the purpose of section 203–7 as follows: "the Act requires that the exclusive first run must be expanded after 42 days 'so that sub-run exhibitors will be able to offer to license the film *and bring the picture to their communities* sooner than they would have otherwise before the Act.'" *Associated Film Distrib. Corp. v. Thornburgh*, 800 F.2d 369, 377 (3d Cir.1986) (citation omitted, emphasis added), *cert. denied*, 480 U.S. 933, 107 S.Ct. 1573, 94 L.Ed.2d 765 (1987).

Such language reveals the purpose of section 2–307: to deliver feature films to communities across Pennsylvania. *See Associated Film Distrib. Corp. v. Thornburgh*, 614 F.Supp. 1100, 1112 (E.D.Pa.1985) ("The purpose of the provision is to promote the wider dissemination of films in the Commonwealth."). Orson, for its part, fails to call the Court's attention to any precedent support-

---

1. A controlling question of law is one that "would result in a reversal of a judgment after final hearing." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974).

ing its reading of section 203–7. Indeed, in attempting to convince the Court that a ground for a difference of opinion exists, Orson does nothing more than repeat arguments made at the summary judgment stage. As a result, the Court concludes that no substantial grounds for a difference of opinion exist regarding this Court's interpretation of section 203–7.

### B. *Advancing the Termination of the Litigation*

 In determining whether certification will materially advance the ultimate termination of the litigation, a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly. *Zygmuntowicz*, 828 F.Supp. at 346 (citing *In re Magic Marker Secs. Litigation*, 472 F.Supp. 436, 439 (E.D.Pa. 1979)). In this case, an immediate appeal would not eliminate the need for a trial. Indeed, a trial will most likely occur on the remaining issues in this action regardless of the outcome of any interlocutory appeal. Further, the relief Orson ultimately seeks, an appellate order vacating this Court's order and remanding the matter back to the district court, would serve to add, and not eliminate, issues for disposition at trial. Finally, since discovery has already concluded on the antitrust and 2–307 issues, an immediate appeal would not make discovery easier or less costly. *See Rottmund*, 813 F.Supp. at 1112 ("Where discovery is complete and the case is ready for trial an interlocutory appeal can hardly advance the ultimate termination of the litigation."). Accordingly, Orson has not met its burden of demonstrating to the Court that a 1292(b) appeal would advance the ultimate termination of the litigation.

### III. CONCLUSION

This Court concludes that the case does not present issues where there are substantial grounds for disagreement. In addition, we conclude that an immediate appeal will not materially advance the ultimate termi-

nation of the litigation. Accordingly, Orson's motion for certification will be denied.