**Susan I. KELLY, Administratrix and Personal Representative of the Estate of Gerald A. Kelly, Deceased, on Behalf of Said Decedent's Heirs–At–Law and Next–Of–Kin and on Her Own Behalf, Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

**Civil Action No. 94–2579.**

United States District Court,
E.D. Pennsylvania.

Oct. 23, 1996.

---

Robert J. Mongeluzzi, Robert C. Daniels, Daniels, Saltz, Mangeluzzi and Barrett, Ltd., Philadelphia, PA, for Susan I. Kelly.

Robert Toland, II, Joseph V. Pinto, White and Williams, Philadelphia, PA, Paul Hultin, Parcel, Mauro, Hultin & Spaanstra, Denver, CO, Evan S. Eisner, White and Williams, Philadelphia, PA, Christopher J. Meyer, Parcel, Mauro, Hultin and Spaanstra, P.C., Denver, CO, for Ford Motor Co.

### ORDER

LOWELL A. REED, Jr., District Judge.

AND NOW, this 23rd day of October, 1996, upon consideration of the motion of plaintiff Susan I. Kelly for certification pursuant to 28 U.S.C. § 1292(b)[1] for an immediate appeal as to whether Pennsylvania or Michigan law should be applied with respect to the punitive damages claim (Document No. 35), and the response of defendant Ford Motor Company ("Ford") (Document No. 36), and having found and concluded that:

1. The decision to certify a § 1292(b) appeal is within the sound discretion of the trial court and should be exercised bearing in mind the strong policy against piecemeal appeals. *Orson, Inc. v. Miramax Film Corp.*, 867 F.Supp. 319, 320–21 (E.D.Pa.1994);

2. Plaintiff Kelly has failed to persuade the Court that substantial grounds for a difference of opinion exist with respect to the application of the doctrine of depecage[2] to the punitive damages claim. The Court of Appeals for the Third Circuit in *Broome v. Antlers' Hunting Club* found that the Supreme Court of Pennsylvania would recognize the doctrine of depecage. *Broome v. Antlers' Hunting Club*, 595 F.2d 921, 924 (3d Cir.1979); *see Chemetron Investments v. Fidelity & Casualty of N.Y.*, 886 F.Supp. 1194, 1199 (W.D.Pa. 1994); *Casper v. Cunard Line, Ltd.*, 560 F.Supp. 240, 244 (E.D.Pa.1983); *see also Jones v. Southeastern Pa. Transp. Auth.*, No. 92–2053, 1993 WL 141646, at *2–3 (E.D.Pa. Apr. 30, 1993). The doctrine of depecage is consistent with the more flexible choice of law rules adopted by the Supreme Court of Pennsylvania. *See Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796, 805–06 (1964). Under the doctrine of depecage, the earlier decision of this Court to apply the substantive law of Michigan to plaintiff's punitive damages claim was consistent with existing law because Michigan was the state in which defendant Ford had its principal place of business and was where the alleged misconduct causing the product defect occurred. *Kelly v. Ford Motor Co.*, 933 F.Supp. 465, 469 (E.D.Pa.1996) (citing *Cavalier Clothes, Inc. v. Major Coat Co.*, No. 89–3325, 1991 WL 125179, at *4 n. 8 (E.D.Pa. June 26, 1991); *Serbin Dev. Corp. v. North River Ins. Co.*, No. 85–4273, 1986

---

1. Under § 1292(b), a district court should certify a motion for appeal only if the following requirements are met: (1) order from which the appeal is taken involves a controlling question of law; (2) there must be substantial grounds for difference of opinion; and (3) an immediate appeal materially advances the ultimate termination of the litigation. *See Orson*, 867 F.Supp. at 320–21.

2. "Depecage" is a choice of law theory "whereby different issues in a single case arising out of a single set of facts are decided according to the laws of different states." *Black's Law Dictionary* 436 (6th ed. 1990). A French word, dépeçage (DE–PA–SAJ) is defined as a "cutting up, dismembering, carving up." *Collins Robert French English Dictionary* 233 (4th ed. 1995).

WL 4315, at *1–2 (E.D.Pa. Apr. 8, 1986)); [3]

3. Plaintiff Kelly has not convinced the Court that the issue of punitive damages involves a controlling question of law. Because a punitive damages award is an element of the damages claim, its presence or absence does not affect the final outcome of this lawsuit with respect to liability and compensatory damages;

4. Finally, Plaintiff Kelly has not swayed the Court that an immediate appeal would materially advance the ultimate termination of the litigation. First, an immediate appeal on punitive damages would not eliminate the need for a trial on liability and compensatory damages. Second, the punitive damages claim would not eliminate complex issues so as to simplify the trial. Indeed, an immediate appeal would actually delay the trial scheduled in the near future.[4] Third, discovery is virtually complete and therefore an immediate appeal would not render discovery easier or less costly.[5]

It is accordingly hereby **ORDERED** that motion of plaintiff for certification is **DENIED.**

---

3. Although plaintiff Kelly is entitled to reach a different interpretation of the *Broome* case than does this Court, her accusations that the decision of the Court was "without precedent" and "flies directly in the face of and is at odds with ... *Broome*," are unfounded. *See Broome*, 595 F.2d at 924 ("[A] Pennsylvania court, consonant with the rule of *Griffith*, ... would consider applying the law of different states to the separate issues of liability and damages, ....").

4. The time that lapses between a district court's certification for appeal to the actual decision by the appellate court approaches or exceeds one year. *Piazza v. Major League Baseball*, 836 F.Supp. 269, 271 & n. 4 (E.D.Pa.1993).

5. I consider plaintiff's alternative suggestion to submit the issue of punitive damages under Pennsylvania substantive law to the jury so that, if appealed, the decision of the Court of Appeals for the Third Circuit can be a final disposition regardless of what choice of law determination is made, as premature at best.