**LAVERNE THOMAS, NAOMI HODGE, and JUNE POWELL, Plaintiffs**
**v.**
**TRANSPORTATION SERVICES OF ST. JOHN, INC., and**
**CAPTAIN JULIAN RONAN, Defendants**

Civil No. 138/1997

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

July 28, 2005

*Attorney(s) for Plaintiffs*, LEE J. ROHN, ESQ., Rohn and Cameron, P.C., Christiansted, St. Croix, VI

*Attorney(s) for Defendants*, JOHN H. BENHAM, ESQ., Watts, Behham & Sprehn, P.C., St. Thomas, Virgin Islands 00802

HOLLAR, *Judge*

## MEMORANDUM OPINION

(July 28, 2005)

Defendants have filed a Motion to Dismiss Plaintiffs' Claim for Punitive Damages with Memorandum of Law contending that punitive damages are not attainable under Puerto Rico law, which governs since the accident occurred off the rocks and reefs of Puerto Rico. Plaintiffs have filed their Opposition to Defendants' Motion to Dismiss Plaintiffs' Claims for Punitive Damages because *inter alia* federal choice of law provisions dictates the application of U.S. Virgin Islands law since it has more significant contacts.[1] Defendants filed a reply to Plaintiffs opposition. For reasons that follow, the Defendants' motion is granted.

## I. FACTS AND PROCEDURAL HISTORY

On February 19, 1996, on a return voyage from a round-trip excursion to Fajardo, Puerto Rico, the M/V Caribe Cay, ran aground on the southeast side of Palominito Island.[2] The M/V Caribe Cay, a vessel

---

[1] Additionally, Plaintiffs maintain that Defendants fail to identify the applicable rule under which the Motion to Dismiss is filed. Defendants' motion, however, is not seeking to dismiss the entire action, but only certain claims stated therein. Pursuant to FED. R. CIV. P. 8(e)(2), Plaintiffs' overall pleading survives despite any insufficiency of any alternative claims.

[2] Plaintiffs dispute whether Palominito Island, formally referred to as "Isla Palominitos", is located within the three (3) miles of Puerto Rico's territorial waters. An internet search indicates that Isla Palominitos is an island located one (1) mile off of

owned by Defendant Transportation Services, (hereinafter "TS"), was operated at the time by Defendant, and TS employee, Captain Julian Ronan (hereinafter "Ronan"). Plaintiffs Laverne Thomas, Naomi Hodge, and June Powell were aboard the vessel at the time of the accident. Plaintiffs assert, and Defendants admit, that the vessel was operated in a negligent manner.[3] As a direct and proximate result of Defendants' negligence, Plaintiffs allege that they have sustained severe injuries, permanent bodily injury, shock, pain, mental anguish, scars, disabilities, humiliation, embarrassment and loss of enjoyment of life. Additionally, as a direct and proximate result of Defendants' negligence, Plaintiffs allege that they have incurred expenses for doctors, hospitals, emergency medical technicians, medication, and other medical and psychologically related expenses. Accordingly, Plaintiffs seek both compensatory and punitive damages.

## II. ANALYSIS

The issues before the Court for resolution are: (1) whether federal maritime law is applicable to this action; (2) whether the doctrine of depecage results in the application of Puerto Rico law; (3) whether application of federal choice of laws result in the application of U.S. Virgin Islands law; (4) whether punitive damages are barred under federal maritime law.[4]

### A. Federal maritime law is applicable to this action.

The four-part *Grubart* test sets forth the parameters for the application of federal maritime law. Federal maritime law governs where the cause of action occurs: (1) on a vessel; (2) in navigable waters; (3) has a potential impact on maritime commerce; and (4) bears a substantial relationship to traditional maritime activity. *See Hendricks v. Transportation Services of St. John, Inc.*, 41 V.I. 21 (Sup. Ct. 1999), citing *Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995).

---

Fajardo on the east coast of Puerto Rico. The Court takes judicial notice that the incident occurred within the territorial waters of Puerto Rico.

[3] In paragraph 19 of each Defendant's respective amended answer, each admitted that the boat was operated in a negligent manner.

[4] Defendants also argue violation of due process as a basis to dismiss Plaintiffs' claims for punitive damages. For the reasons set forth, and discussion herein, this Court need not address the issue under due process grounds.

Applying the *Grubart* analysis to the present case, the cause of action arose on the M/V Caribe, a vessel; the vessel was traveling the navigable waters from Fajardo, Puerto Rico to St. Thomas/St. John, U.S. Virgin Islands; the Defendants' were transporting paying passengers, an activity that bears a substantial relationship to traditional maritime activity; and that activity had the potential to impact maritime commerce, by disrupting other ferry boats transporting passengers and commercial activity utilizing the body of water between Fajardo, Puerto Rico and St. Thomas/St. John, U.S. Virgin Islands.[5] Given the applicability of *Grubart* to the case *sub judice*, federal maritime law governs.

## B. Under the depecage doctrine, Puerto Rico law is the applicable law.

■■ Under federal maritime law, the Court in *Calhoun v. Yamaha Motor Corporation, U.S.A.*, 216 F. 3d 338 (3d Cir. 2000), applied federal-choice-of-law as explained in *Lauritzen v. Larsen*, 345 U.S. 571 (1953). This position, advocated by Defendants, employed the doctrine of "depecage", which permits the application of different state laws to resolve different issues within the same case. However, in applying the "depecage" doctrine, the threshold question is whether a particular jurisdiction has adopted its provisions. *See Schalliol v. Faie*, 206 F. Supp. 2d 686 (E.D. Pa. 2002); *Simon v. U.S.*, 341 F. 3d 193 (3d Cir. 2003), (declining to extend the application of the "depecage" doctrine absent recognition in Indiana's courts); *Kelly v. Ford Motor Co.*, 942 F. Supp. 1044 (E.D. Pa. 1996), *Naqhiu v. Inter-Continental Hotels Group, Inc.*, 165 F.R.D. 413 (D. Del. 1996), (extending application of "depecage" as a recognized doctrine within the respective state courts). The Legislature of the Virgin Islands has not enacted legislation adopting the doctrine of "depecage" nor has the Court in the Virgin Islands recognized or endorsed the "depecage" doctrine. Nevertheless, Title 1 V.I.C. § 4 states, in the absence of local laws to the contrary, the rules of the common law, as expressed in the restatements of law, shall be the rules of decision in V.I. Courts. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 maintains that relative importance of a particular issue is

---

[5]   Isla Palominitos lies slightly south of Isla Palominos, which is a private island that offers a beach and other recreational activities to the guests of the Wyndham El Conquistador located in Fajardo, Puerto Rico. A ferry service is utilized to transport guests between the hotel and Isla Palominos.

determinative on the application of different states' choice of law principles. This provides the recognition of "depecage" within the Virgin Islands.

In *Calhoun*, the central issue was whether to apply the laws of Pennsylvania or the laws of Puerto Rico in determining compensatory and punitive damages claimed by the Calhouns against Yamaha Motor Corp. for the tragic death of their daughter, who struck an anchored vessel while operating a jet ski, manufactured by Yamaha, in the waters off a resort in Puerto Rico. Applying depecage, the Court bifurcated the issues of punitive and compensatory damages, and applied Puerto Rico's law solely to the issue of punitive damages and Pennsylvania's law solely to the issue of compensatory damages. In evaluating the issue, the *Calhoun* Court resolved that the underlying purpose of punitive damages was "to punish wrongdoers and deter future conduct". Consequently, the Court found that Puerto Rico had a stronger interest than Pennsylvania in regulating both commercial and recreational activity that occurs within its territorial waters and "maintaining the safety of the waterways surrounding the island to preserve the economic benefits it derives from both tourism and other commercial enterprises."[6] In the present case, as it relates to punitive damages, Puerto Rico's interest in regulating and maintaining safe conditions on its waterways to preserve its economic benefits is identical to that in *Calhoun* and therefore stronger than any interest of the U.S. Virgin Islands. *Ergo,* if the depecage theory under federal choice of law were applied, the law of Puerto Rico regarding an award of punitive damages would govern. Under Puerto Rico law, punitive damages are not recoverable.

## C. Under the significant relationship test, Virgin Islands law is the applicable law.

In *Lauritzen, supra* the Court employed the "significant relationship" test in determining choice-of-law rules as to punitive and compensatory damages. *Lauritzen v. Larsen,* 345 U.S. 571 (1953). The

---

[6] As background information, the *Calhoun* court applied the laws of Pennsylvania to the issue of compensatory damages since the underlying purpose of compensatory damages "is to make the plaintiff whole" and Pennsylvania had a more considerable interest in "obtaining compensation for its citizens in order to remedy wrongs that have been committed against such individuals" than Puerto Rico. Thus, two (2) state laws were utilized in one action applying the "depecage" theory.

"significant relationship" test, delineated in *Lauritzen* and advocated by Plaintiffs, relied on seven (7) factors in resolving which jurisdiction had the most significant contacts and involvement. Those factors were: (1) place of the wrongful act; (2) law of the flag; (3) allegiance or domicile of the injured; (4) allegiance of the defendant shipowner; (5) place of contract; (6) inaccessibility of foreign forum; and (7) the law of the forum. Applying the "significant relationship" test to the facts of this case, the application of U.S. Virgin Islands law would govern since Defendant TS was incorporated under the laws of the U.S. Virgin Islands; each Plaintiff is a domiciliary and resident of the U.S. Virgin Islands; Defendant TS operations are based in the U.S. Virgin Islands; the place of contract is the U.S. Virgin Islands where the parties book passage on the M/V Caribe; the most accessible forum is the U.S. Virgin Islands since all the parties are domiciled in the U.S. Virgin Islands; and the U.S. Virgin Islands has jurisdiction over the parties since each are accustomed to conducting business within this jurisdiction, are familiar with the laws of this jurisdiction and thus, have consented to being governed by the laws of this jurisdiction. The only factor under the significant relationship test that weighs against the U.S. Virgin Islands is the place of the wrongful act, which was Puerto Rico. Overwhelmingly, the U.S. Virgin Islands is the forum with the most significant contacts and interest in the application of its law over the matter at hand. Generally, under U.S. Virgin Islands law, punitive damages are recoverable. However, under the four-part *Grubart* test, the U.S. Virgin Islands must apply general federal maritime law.[7]

## D. Under federal maritime law, punitive damages are barred in cases of imputed fault.

Under the "significant relationship test", U.S. Virgin Islands law would be applicable to the present case. As a result, this Court is guided

---

[7]  Federal maritime law arises through the exercise of judicial power under Article III of the U.S. Constitution, the exercise of congressional power under the Admiralty Clause and Commerce Clause and maritime international conventions. *Hendricks v. Transportation Services of St. John, Inc.* The federal courts have significantly shaped the controlling rules of federal maritime law. *Fitzgerald v. U.S. Lines Co.*, 83 S. Ct. 1646, (1963). "The substantive rules of admiralty and maritime law will apply to a case if it falls within federal admiralty jurisdiction, regardless of whether a party actually has invoked admiralty jurisdiction." FEDERAL PRACTICE & PROCEDURE § 3671.

by its opinion in *Hendricks v. Transportation Services of St. John*, 41 V.I. 21 (Sup. Ct. 1999). *Hendricks* involved a personal injury claim against Transportation Services when a passenger fell five (5) feet through an open hatch aboard the MV Caribe Air Ride as it was moored at the Red Hook Dock. The Court, in *Hendricks*, determined that maritime law, as opposed to state or territorial law, governs under the *Grubart* test where the action occurs: (1) on a vessel; (2) in navigable waters; (3) has a potential impact on maritime commerce; and (4) bears a substantial relationship to traditional maritime activity. As discussed in *infra* II A, all four elements are present in this case.

The facts in this case are analogous to *Hendricks* regarding the *Grubart* test, *a fortiori* federal maritime law controls. Federal maritime law supersedes state law where there exists a conflict between state and federal maritime law. *See Floyd v. Lykes Bros. S.S. Co., Inc.*, 844 F.2d 1044, 1047 (3d Cir. 1988). Under the provisions of federal maritime law, "punitive damages may not be awarded in cases of imputed fault." *Hendricks v. Transportation Services of St. John*, 41 V.I. 21 (Sup. Ct. 1999). Under U.S. Virgin Islands law, however, punitive damages are recoverable under a theory of imputed fault where the principal participated in or ratified the wrongful conduct. *See Id.* While punitive damages, as a result of imputed fault, is totally barred under federal maritime law; under U.S. Virgin Islands law, punitive damages, as a result of imputed fault, is attainable in limited circumstances. Since a conflict exists between federal maritime law and U.S. Virgin Islands laws regarding the award of punitive damages, the U.S. Virgin Islands law must be abnegated in favor of federal maritime law. Under federal maritime law, an individual or entity cannot be held vicariously liable for his agent's reckless misconduct. *Ergo*, Plaintiffs cannot recover punitive damages.

## III. CONCLUSION

Under the four-prong *Grubart* test, federal maritime law is applicable to the case *sub judice*. Under federal maritime law, federal-choice-of-law is applied in determining choice-of-law provisions. Applying "federal choice of law", both the "depecage theory" and the "significant relationship" test can be utilized to determine the applicable controlling state law. The "significant relationship" test weighs the facts of each particular case, while "depecage" weighs the merits of each particular

137

issue within a case. Applying the "depecage" analysis to the facts of this case, Puerto Rico law would govern on the issue of punitive damages. Pursuant to Puerto Rico law, punitive damages are not recoverable. Utilizing the "significant relationship" test, the U.S. Virgin Islands law would control on the issues of punitive and compensatory damages. Under U.S. Virgin Islands law, punitive damages are recoverable. Where, however, there is a conflict between federal maritime law and state law, federal maritime law will govern. Under federal maritime law, punitive damages may not be awarded in cases of imputed fault. Because punitive damages are recoverable in imputed fault cases, under U.S. Virgin Islands law, a conflict exists between state law and federal maritime law. Accordingly, U.S. Virgin Islands law must be abnegated in favor of federal maritime law. Given the foregoing, the inescapable conclusion is that plaintiffs cannot recover punitive damages.