Mary **BAILEY**, Plaintiff,

v.

**BLUE CROSS/BLUE SHIELD OF VIRGINIA**, Defendant.

Civ. A. No. 2:94cv897.

United States District Court, E.D. Virginia, Norfolk Division.

March 6, 1995.

Timothy G. Clancy, Cummings, Hatchett, Moschel & Patrick, Hampton, VA, Robert E. Hoskins, Fister & Foster, Greenville, SC, for plaintiff.

Richard J. Cromwell, Robert W. McFarland, McGuire, Wood, Battle & Boothe, Norfolk, VA, Thomas E. Spahn, McGuire, Woods, Battle & Boothe, Richmond, VA, Jeanette D. Rogers, Blue Cross & Blue Shield of Virginia Legal Dept., Richmond, VA, for defendant.

### *ORDER*

CLARKE, District Judge.

The parties have agreed to voluntarily settle the matter, but settlement is contingent upon this court vacating its prior Orders and declaring its prior opinions null and void and

of no precedential value. On February 27, 1995, the Plaintiff filed a Motion for Vacatur.[1] The Plaintiff moves the court "to vacate the preliminary injunction, opinion and order previously issued in this case on September 30, 1994 and the permanent injunction, opinion, order and judgment previously issued on October 31, 1994, and all underlying orders entered in this action as being moot and of no effect." The Defendant has indicated to the Court that the above proposed Motion for Vacatur is insufficient and in response, the Defendant has submitted a proposed Order for the Court. The proposed Order states:

> this court's preliminary injunction, opinion, order and judgment entered on September 30, 1994 and this court's permanent injunction, opinion, order and judgment entered on October 31, 1994 and all underlying orders are vacated and shall be considered null and void and of no precedential value. The effect of this Order is that the preliminary and permanent injunctions should not be cited, relied upon, or otherwise used in any other case, action, administrative proceeding, appeal or proceeding of any kind by any litigant, party or counsel.

In presenting the motion and the proposed Order to the Court both parties rely on *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). However, the Court does not find it applicable since *Munsingwear* deals most directly with *res judicata* and is not in line with the facts of this case. The facts in *Munsingwear* establish that the United States sued Munsingwear, Inc. for alleged violations of a price-fixing regulation and the District Court dismissed the Complaint holding that the respondent's prices complied with the regulation. The United States appealed and while the appeal was pending the commodity involved was decontrolled, and the Court of Appeals dismissed the appeal for mootness. Later, the United States tried to bring another suit regarding the same price-fixing and the Supreme Court affirmed the Court of Appeals that affirmed an order of the District Court dismissing as *res judicata* a

suit by the United States for violation of a price regulation. The Court stated in *Munsingwear,* that

> the established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. That was said in *Duke Power Co. v. Greenwood County,* 299 U.S 259, 267 [57 S.Ct. 202, 205, 81 L.Ed. 178 (1936) ], "to be the duty of the appellate court."

*Id.,* 340 U.S. at 39–40, 71 S.Ct. at 106–07 (emphasis added). However, in the instant case, the parties are attempting to voluntarily settle this action which is currently docketed with the Fourth Circuit Court of Appeals and it is the parties that are asking the Court to vacate the decision.

The Court finds more guidance in the Supreme Court's recent decision in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* —— U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). In *Bancorp,* the parties entered into a settlement agreement, mooting the merits of case, but one of the parties requested vacation of the Court of Appeals' judgment. The Supreme Court held that it had power to decide the motion to vacate, despite the mooting of the merits of the judgment but that mootness by reason of settlement did not justify vacatur of a judgment under review.

In reaching its decision, the Supreme Court stated:

> Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.

*Id.,* 115 S.Ct. at 392 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.,* 510 U.S. ——, ——, 114 S.Ct. 425, 428,

---

1. The Court notes that the Motion indicates that it was filed jointly; however, the Defendant has since stated to the Court that it does not join in the Motion for Vacatur because it is not satisfactory to the defendant.

**56**

126 L.Ed.2d 396 (1993) (Stevens, J., dissenting)).

*Bancorp* does hold that there might be cases when a vacatur could be granted when mootness is produced through settlement. It is an equitable determination and exceptional circumstances may require such an action. *Id.,* —— U.S. at ——, 115 S.Ct. at 393. However, it further states, "[i]t should be clear from our discussion, however, that those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur—which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations we have discussed." *Id.* There is nothing in the record to indicate that any exceptional circumstances exist in this case.

The Supreme Court does indicate that the Court of Appeals may remand the case with instruction that the district court consider the request, pursuant to Federal Rule of Civil Procedure 60(b). Although the case has not been remanded by the Fourth Circuit Court of Appeals, this Court has considered the motion presented by the plaintiff and the proposed Order presented by the defendant and **FINDS** that vacatur is not appropriate as proposed above. The Court further notes that it had suggested and offered to vacate the judgment order including the portion providing for the permanent injunction and to enter an Order reciting the settlement and dismissing the case with prejudice; however, the defendant did not find that satisfactory.[2]

Therefore, the Motion for Vacatur and the proposed Order are both **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

---

**2.** The Court notes that its opinion and judgment had already been published in advance sheets prior to the request of the parties recited herein. *See Bailey v. Blue Cross/Blue Shield of Va.,* 866 F.Supp. 277 (E.D.Va.1994). Further, the publisher advised the Court that the judgment and opinion was in the bindery being incorporated into a hard back volume. The motions of the parties came too late to prevent publication.