**ZENECA LIMITED**

v.

**NOVOPHARM LIMITED.**

Civil No. Y-95-163.

United States District Court,
D. Maryland.

Sept. 11, 1995.

Charles M. Kerr, Baltimore, Maryland; David B. Irwin, Baltimore, Maryland; Robert D. Litowitz, Washington, DC; Herbert H. Mintz, Washington, DC; Barbara R. Rudolph, Washington, DC, for Plaintiff.

James P. Ulwick, Baltimore, Maryland; Robert F. Green, Chicago, Illinois; John E. Rosenquist, Chicago, Illinois; Jeffrey S. Ward, Chicago, Illinois, for Defendant.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

Zeneca Limited filed suit against Novopharm Limited alleging patent infringement. Novopharm moved for summary judgment and a hearing was held.

Zeneca is the patent holder of United States Patent No. 4,536,516 ("the '516 patent") for the breast cancer treatment drug tamoxifen which is manufactured under the brand name Nolvadex. Novopharm filed an Abbreviated New Drug Application with the Food and Drug Administration to market a generic version of tamoxifen. Novopharm claims in its Application that the '516 patent owned by Zeneca is invalid and unenforceable and that Novopharm is thus able to manufacture a generic tamoxifen free of patent constraints. Zeneca seeks an injunction against the approval and marketing of Novopharm's generic tamoxifen until the '516 patent expires.

Novopharm moved for summary judgment on the grounds that Zeneca is collaterally estopped from claiming that the patent is valid. It relies on an earlier patent infringement suit by Imperial Chemicals Industries PLC ("ICI"), the former parent of Zeneca and then holder of the '516 patent rights, against Barr Industries filed in the United States District Court for the Southern District of New York. In that suit, the court held that the '516 patent was invalid and unenforceable because ICI wrongfully withheld relevant data from the United States Patent and Trademark Office. *Imperial Chemical Industries, PLC v. Barr Laboratories,* 795 F.Supp. 619 (S.D.N.Y.1992). While ICI's appeal of the decision to the Federal Circuit was pending, ICI and Barr reached a settlement whereby Barr received a non-exclusive license to market tamoxifen and the parties requested that the Federal Circuit

order vacatur of the district court decision. The general practice of the Federal Circuit at that time was to order district court decisions to be vacated upon settlement during the pendency of an appeal and upon stipulation of the parties, and the district court decision invalidating the '516 patent was vacated.

The Supreme Court subsequently held in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* — U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), that federal appellate courts generally are not justified in vacating district court orders based solely on settlement between the parties. Novopharm asserts that the Court should retroactively apply the holding in *U.S. Bancorp* and grant summary judgment.

▮ Novopharm asserts that the Court should ignore the Federal Circuit's vacatur order. A vacated judgment is typically considered a legal nullity and does not have preclusive effect. *S–1 By & Through P–1 v. State Bd. of Educ.,* 21 F.3d 49 (4th Cir.1994). A vacatur "is not voided if the precedent upon which it was based is later modified or overruled," *see U.S. Philips Corp. v. Sears Roebuck & Co.,* 55 F.3d 592, 598 (Fed.Cir. 1995), but the "controlling interpretation of federal law ... must be given full retroactive effect in all cases still open on direct review...." *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993). Retroactive application is not justified in this case because the *Imperial Chemical* case is no longer open on direct review.

▮ In the alternative, Novopharm argues that the Federal Circuit's vacatur order should be ignored because of the strong public interest in patent rights. Novopharm argues that the interest in protecting inventors' rights is outweighed by the value of expanding the availability of tamoxifen. A grant of summary judgment against Zeneca based on the vacated district court's decision in *Imperial Chemical* would be inappropriate. ICI relied on the Federal Circuit's practice of routinely ordering vacatur when it settled with Barr and relinquished its right to appeal. The settlement agreement was expressly contingent on obtaining a vacatur

order from the Federal Circuit. In light of the original parties' expectation that the district court opinion would have no precedential value following settlement, it would be inappropriate to apply *U.S. Bancorp* retroactively.

Triable issues of fact exist and Novopharm's motion for summary judgment is denied.