Aristides **MARTINEZ**

v.

**CAPITAL CITIES/ABC–WPVI.**

**Civ. A. No. 95–2954.**

United States District Court, E.D. Pennsylvania.

Dec. 15, 1995.

---

Aristides Martinez, Princeton, NJ, Pro Se.

Robert M. Goldich, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, for Defendant.

## OPINION

LOUIS H. POLLAK, District Judge.

Defendant Capital Cities/ABC–WPVI, Inc. ("WPVI") has moved for summary judgments in this employment discrimination case brought by plaintiff Aristides Martinez. According to WPVI, all of the plaintiff's claims are time-barred. For the reasons that follow, I will grant defendant's motion as to the claims involving conduct during Martinez's employment at WPVI from 1980 to 1985 and his termination from WPVI in 1985. I am not yet prepared to rule on the claims involving Martinez's 1993 application to WPVI. Instead, I request that the Equal Employment Opportunity Commission (EEOC) file a memorandum as *amicus curiae* to explain its view of the legal effect, if any, of a letter it sent the plaintiff on March 16, 1995.

## I. Factual Background

Aristides Martinez worked for WPVI as a staff producer and videotape editor from 1980 until he was fired in 1985. Eight years later, in February 1993, Martinez applied to WPVI for a position as a videotape editor. On May 25, 1993, Martinez was informed that the job had been given to another applicant.

On December 13, 1993, Martinez—acting *pro se,* as he has continued to do throughout these proceedings—filed a claim with the EEOC challenging WPVI's 1993 hiring decision as discriminatory on the basis of national origin and age. The EEOC forwarded a copy of the claim to the Pennsylvania Human Relations Commission (PHRC) pursuant to a worksharing agreement between the two organizations. On March 31, 1994, the EEOC sent Martinez a letter expressing its finding that there was no reasonable cause to believe that a violation of Title VII, the Age Discrimination in Employment Act (ADEA), or the Pennsylvania Human Relations Act (PHRA), had occurred. The letter also informed Martinez that he could pursue a federal civil action against WPVI in federal court within 90 days of his receipt of the letter.

In a letter dated April 28, 1994, Martinez asked the EEOC to reconsider its rejection of his claim. The EEOC did not respond to this letter. Almost ten months later, on February 17, 1995, Martinez sent the EEOC a second letter requesting reconsideration. In a letter dated March 16, 1995, signed by Acting District Director Marie M. Tomasso, the EEOC denied Martinez's request for reconsideration. The letter further stated, "You have fifty-two days after receipt of this letter in which to file an action in Court." Def.'s Ex. B. This letter was postmarked March 23, 1995. A copy of this letter is appended to this opinion.

On May 15, 1995, Martinez filed the present action. The complaint asserts claims of discrimination based on age, race national origin, and sex, under Title VII, the ADEA, and the PHRA. These claims relate to conduct by WPVI alleged to have occurred (1) during the period of Martinez's employment with WPVI from 1980 to 1985, (2) when WPVI fired Martinez in 1985, and (3) in 1993 when WPVI decided not to rehire Martinez.

## II. The Statute of Limitations for Plaintiff's Claims

Title VII and the ADEA establish that a civil action for employment discrimination

can proceed only after the plaintiff has first filed a timely claim with EEOC or the relevant state body, in this case the PHRC. 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626(d). Under these statutes, a claim of discrimination must be filed with the EEOC or PHRC within 300 days of the alleged unlawful act. 42 U.S.C. § 2000e–5(f)(1); 29 U.S.C. § 626(d)(1). If the EEOC or PHRC dismisses the claim, it must send the claimant a letter expressing this determination and also informing the claimant of the right to sue the employer in federal court. The claimant then has 90 days from receiving the right-to-sue letter within which to file a civil action. 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626(e).

Under the PHRA, a discrimination claim must be filed with the PHRC within 180 days of the allegedly discriminatory act. 43 Pa. S.A. § 959(h).

In his complaint, Martinez alleges that WPVI committed acts of discrimination against him from 1980 to 1985. These allegations must be dismissed. The 300 day period provided by Title VII and the ADEA, and the 180 day period provided by the PHRA, had long since passed when plaintiff filed his charge with the EEOC in 1993. Similarly, the claim that in 1985 plaintiff was fired for discriminatory reasons lapsed long before 1993. This claim, too, must be dismissed.

■ The plaintiff's PHRA claim discrimination based on his 1993 application is also time-barred. The plaintiff first learned that WPVI had hired another candidate in a letter dated May 25, 1993. Assuming that he received the letter within one week from that date—*see Roush v. Kartridge Pak Co.,* 838

F.Supp. 1328 (S.D.Iowa) (holding that seven days would be considered a reasonable time in which the plaintiff was assumed to have received letter); *but see Rich v. Bob Downes Chrysler Plymouth, Inc.,* 831 F.Supp. 733 (E.D.Mo.1993) (establishing a presumption that a letter will be received within three days of the date it was mailed)—the 180–day limitations period established by the PHRA ended on November 28, 1993, more than two weeks before Martinez filed his EEOC charge. The PHRA claim therefore is barred.

It is unclear, however, whether plaintiff's Title VII and ADEA claims relating to his 1993 application to WPVI are also time-barred. Plaintiff first became aware of the alleged discrimination upon receiving defendant's May 25, 1993 letter. In filing his claim with the EEOC on December 13, 1993, plaintiff met the 300 day period provided by these two statutes. The EEOC issued a right-to-sue letter on March 31, 1994, which started the 90–day period in which plaintiff could file a civil action. The present action was filed May 15, 1995, more than a year after the right-to-sue letter was issued. Plaintiff asserts, however, that the 90–day period was tolled as a result of his request that the EEOC reconsider its denial of his claim.

In *McCray v. Corry Manufacturing Co.,* 61 F.3d 224 (3d Cir.1995), the Third Circuit held that a mere request for EEOC reconsideration does not toll the running of the 90–day period in which an ADEA plaintiff must file in federal court. The court recognized, however, that the EEOC has the power to toll the 90–day period by *granting* reconsideration.[1] In the present case, the EEOC

1. This power derives from EEOC regulations, which provide:

The Commission may on its own initiative reconsider a final determination of no reasonable cause and an issuing director may, on his or her own initiative reconsider his or her final determination of no reasonable cause. If the Commission or an issuing director decides to reconsider a final no cause determination, a notice of intent to reconsider shall promptly issue to all parties of the charge. If such notice of intent to reconsider is issued within 90 days of receipt of the final no cause determination, and the person claiming to be ag-

grieved or the person on whose behalf a charge was filed has not filed suit and did not request and receive a notice of right to sue pursuant to § 1601.28(a)(1) or (2), the notice of intent to reconsider shall vacate the letter of determination and shall revoke the charging party's right to bring suit within 90 days. If the 90 day suit period has expired, the charging party has filed suit, or the charging party had requested a notice of right to sue pursuant to § 1601.28(a)(1) or (2), the notice of intent to reconsider shall vacate the letter of determination, but shall not revoke the charging party's right to sue in 90 days. After reconsideration,

*denied* plaintiff's request for reconsideration. The same letter that notified plaintiff of this denial nonetheless stated that, following the plaintiff's receipt of the letter, he would have 52 days in which to file a civil action. It is unclear where the 52–day additional period came from. It is also unclear whether the EEOC has the power—more than a year after denying a charge—to grant a discrimination claimant an additional period in which to file a civil action.

■ The views of the EEOC on this matter may be helpful. A district court has inherent authority to appoint *amicus curiae* to assist in a proceeding. *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 82 (D.N.J.1993) ("District courts have broad discretion to appoint *amicus curiae*."); *United States v. Michigan*, 116 F.R.D. 655, 660 (W.D.Mich.1987); *Yip v. Pagano*, 606 F.Supp. 1566, 1568 (D.N.J.1985), *aff'd*, 782 F.2d 1033 (3d Cir.1986). The Third Circuit has said that "permitting persons to appear in court . . . as friends of the court . . . may be advisable where third parties can contribute to the court's understanding." *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir.1987). *See also Yip*, 606 F.Supp. at 1568 (stating that a district court may appoint an *amicus* when "it deems the proffered information timely and useful"). Although a district court has inherent power to appoint *amici*, there is no specific statute or rule that so provides, and I am therefore guided by Rule 29 of the Federal Rules of Appellate Procedure. Under this rule, "[a] brief of an *amicus curiae* may be filed . . . at the request of the court." Fed.R.App.P. 29. Be-

cause I conclude that it would be helpful to hear the EEOC's views on the legal import, if any, of its March 16, 1995 letter, I will not rule on this aspect of the defendant's summary judgment motion, but will instead request that the EEOC submit its views in the form of a memorandum by January 19, 1996. The parties will then have one week from that date to respond to EEOC's submission.

*ORDER*

Upon consideration of the defendant's motion for summary judgment, and plaintiff's response thereto, and for the reasons given in the attached memorandum, it is hereby ORDERED that:

1. The motion is GRANTED (a) as to plaintiff's claims of discrimination that allegedly occurred while he worked for defendant from 1980 to 1985, and (b) as to plaintiff's claims of discrimination in defendant's decision to discharge him in 1985.

2. The Equal Employment Opportunity Commission (EEOC) is REQUESTED to file a memorandum as *amicus curiae* to express its views on the legal effect, if any, of its March 16, 1995 letter to plaintiff. A copy of the letter is attached to this order. A copy of this order, together with the letter and the attached memorandum, should be sent to the EEOC's Philadelphia office. The EEOC should file its memorandum by January 19, 1996. Plaintiff and defendant will then have until January 26, 1996 to respond, if they choose, to the EEOC's submission. The remainder of defendant's motion will be ruled on following these submissions.

---

the Commission or issuing director shall issue a new determination. In those circumstances where the charging party's right to bring suit in 90 days was revoked. The determination

shall include notice that a new 90 day suit period shall begin upon the charging party's receipt of the determination.

29 C.F.R. § 1601.19(b) (1993).

## EXHIBIT B

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
PHILADELPHIA DISTRICT OFFICE
1421 CHERRY STREET, 10TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19102

March 16, 1995

Mr. Aristides Martinez
117 Spruce Street
Princeton, New Jersey 08542

     RE:   **Martinez v. Cap Cities/ABC-WPVI**
           **Charge No. 170940349**

Dear Mr. Martinez:

     In your request for Reconsideration, the information presented failed to sway the Commission to rescind its no-cause finding, therefore, your request to reconsider the above-captioned charge has been denied. You have fifty-two days after receipt of this letter in which to file an action in Court.

               Sincerely,

               MARIE M. TOMASSO
               District Director (Acting)