**Cardinal William H. KEELER, Roman Catholic Archbishop, Baltimore, and his successors, a corporation sole, et al.**

v.

**MAYOR AND CITY COUNCIL OF CUMBERLAND, et al.**

**Civil No. S 96–167.**

United States District Court, D. Maryland.

Jan. 13, 1997.

Peter E. Keith, Thomas N. Biddison, Jr., David W. Kinkopf, Gallagher, Evelius & Jones, Baltimore, MD, for Plaintiffs.

H. Jack Price, Jr., City Solicitor, Cumberland, MD, for Defendants.

Lynne A. Battaglia, United States Attorney, Kaye A. Allison, Assistant U.S. Attorney, Baltimore, MD, Frank W. Hunger, Assistant Attorney General of the United States, Theodore C. Hirt, Carlotta P. Wells, Federal Programs Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Intervenor, United States of America.

## MEMORANDUM OPINION

SMALKIN, District Judge.

The Court has considered the Government's motion to vacate this Court's June 10, 1996, Opinion and Order, reported at 928 F.Supp. 591. No hearing is needed. Local Rule 105.6, D.Md.

It may well be that this case has become moot as between the principal litigants. It may also well be that the Government, as special statutory intervenor, had no part in bringing about the mooting of the case. Nonetheless, the Court does not read the relevant Supreme Court authorities, *United States v. Munsingwear*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950) and *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), as requiring *vacatur*, but, rather, as leaving the matter within the sound equitable discretion of the Court.

To the extent that *Munsingwear*, in light of *Bancorp*'s criticisms of its broad pronouncements, still has precedential value, and to the extent that *Bancorp* speaks at all in absolute terms about *vacatur*, those cases are distinguishable from this one; those cases concern only procedures applicable when a case is mooted while on direct review, which this case is not. Here, the Government attempted to achieve direct review under 28 U.S.Code Section 1292(b), but the Fourth Circuit wasn't interested in hearing the appeal, even though this Court certified it. Also missing from this case are the *res judicata* concerns driving the decisions in *Munsingwear* and *Bancorp*.

What the Government wants here is simply to get an unfavorable decision off the books. The Supreme Court, though, pointed out in *Bancorp*, 513 U.S. at ——, 115 S.Ct. at 392, that the public interest in having judicial opinions stand ordinarily weighs against *vacatur*, which is, at base, an equitable remedy.

As the Government's motion notes, a number of courts have taken differing positions on the issue of the constitutionality of the Religious Freedom Restoration Act, and the Supreme Court will soon have the last word. Argument on the issue will be heard next month. A *vacatur* of this Court's June 10, 1996, Opinion and Order would have the effect of depriving the legal community of one of the few reported cases in which the Act has been held unconstitutional. In these circumstances, the public policy in favor of bringing to bear all judicial thinking on an important issue certainly outweighs the Government's interest in having an unfavorable precedent obliterated.

If the Supreme Court decides the Act is constitutional, this Court's opinion will be "vacated" in a most dramatic fashion. If the Supreme Court decides the Act is unconstitutional, whatever small say this Court once had on the issue will be drowned out by the Supreme Court's stentorian pronouncement. Either way, the June 10 opinion of this Court will be small judicial potatoes after the Supreme Court decides the issue. For now, though, the decision should stand.

Accordingly, an Order will be entered separately, summarily denying the Government's motion to vacate. The Court is acting on the motion summarily, because the parties who litigated the case on the merits have settled it, and they obviously should have no

continuing voice. *Cf. Zeneca Ltd. v. Novopharm Ltd.*, 923 F.Supp. 74 (D.Md.1996).

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is, this 13th day of January, 1997, by the Court, ORDERED:

1. That the Government's motion to vacate BE, and the same hereby IS, summarily DENIED; and

2. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to counsel for the parties.