Honorable Bernard J. AVELLINO,
Plaintiff,

v.

Honorable John W. HERRON,
et al., Defendants.

Civ.A. No. 97–152.

United States District Court,
E.D. Pennsylvania.

Aug. 28, 1998.

Joseph P. Green, Jr., Duffy & Green, West Chester, PA, John J. Duffy, Duffy & Green, West Chester, PA, for Hon. Bernard J. Avelino.

David M. Donaldson, Administrative Office of PA. Courts, H. Robert Fiebach, Cozen and O'Connor, Philadelphia, PA, for Hon. John W. Herron.

David M. Donaldson, Administrative Office of PA. Courts, Arlin M. Adams, Schnader Harrison Segal & Lewis, Philadelphia, PA, for Hon. Alex Bonavitacola.

## ORDER–MEMORANDUM

ROBRENO, District Judge.

**And Now,** this **28th** day of **August, 1998,** upon consideration of the motion by defendant The Honorable John W. Herron to withdraw opinions and orders as moot (doc. no. 49), it is hereby **ORDERED** that the motion is **DENIED.**

The Court's decision is based on the following reasoning:

1.  On December 16, 1997, this Court entered an Order–Memorandum denying a motion by defendant The Honorable John W. Herron to dismiss the plaintiff's complaint on qualified immunity and *Rooker–Feldman* grounds.[1] The defendant moved to certify the *Rooker–Feldman* issue for appeal and for reconsideration of the motion to dismiss on qualified immunity grounds. This Court denied the motion for certification and for reconsideration in an Memorandum Opinion and Order dated February 18, 1998. The defendant appealed the denial of the motion

---

1. The December 16, 1997 Order–Memorandum also dismissed codefendant the Honorable Alex W. Bonavitacola on the grounds that the com-

plaint against him failed to state a cause of action.

to dismiss on qualified immunity grounds. On May 15, 1998, while the case was on appeal, the parties submitted to the Court a stipulation of dismissal signed by counsel for each of the parties, terminating this action.[2]

2. Currently before the Court is a motion by defendant, The Honorable John W. Herron, and Nancy Sobolevitch, the Court Administrator of Pennsylvania, as amicus,[3] (collectively referred to as "defendant") requesting that the Court vacate its Memorandum Opinion dated February 18, 1998 and its Order–Memorandum of December 16, 1997 because this matter has been rendered moot by the plaintiff's voluntary withdrawal of his complaint. The defendant contends that the "matter [was] rendered moot by the unilateral action of the plaintiff, [and therefore,] the Court should vacate its Opinions and Orders, which had been the subject of defendant's appeal." (Def.'s Mem. at 2).[4]

■ 3. The decision whether or not to vacate a previously issued decision is an equitable one, which falls within the discretion of the court. *Humphreys v. Drug Enforcement Administration*, 105 F.3d 112, 114 (3d Cir. 1996).

4. In *U.S. Bancorp Mortgage Company v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), the Supreme Court discussed whether appellate courts in the federal system should vacate civil judgments of subordinate courts in cases where the action has become moot. The Supreme Court rejected a per se rule of vacatur in situations where a case becomes moot during the litigation. Instead, the Court held that while vacatur of moot cases may be appropriate in some instances, it is not appropriate in others. For instance, va-

catur is appropriate where the case becomes moot by mere "happenstance," i.e. due to circumstances unattributable to any of the parties. 513 U.S. at 23, 115 S.Ct. 386 (citing *Karcher v. May*, 484 U.S. 72, 82, 83, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987)). Vacatur is also appropriate when a party who seeks review of the merits of an adverse ruling, is frustrated by "the unilateral action of the party who prevailed below." 513 U.S. at 25, 115 S.Ct. 386 (citing *Walling v. James V Reuter Inc.*, 321 U.S. 671, 675, 64 S.Ct. 826, 88 L.Ed. 1001 (1944) and *Heitmuller v. Stokes*, 256 U.S. 359, 362, 41 S.Ct. 522, 65 L.Ed. 990 (1921)). However, the Court found that an opinion should not be vacated merely because the parties have rendered the case moot by entering into a settlement agreement. 513 U.S. at 25, 115 S.Ct. 386. *See also Humphreys v. Drug Enforcement Administration*, 105 F.3d 112, 113–14 (3d Cir.1996) ("For example, previously issued decisions need not be vacated when a case becomes moot due to settlement."). In such instances, "the losing party has voluntarily forfeited his legal remedy by the ordinary process of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *Id.* "This is not to say that vacatur can never be granted when mootness is produced in that fashion ... exceptional circumstances may conceivably counsel in favor of such a course." *Id.* at 29, 115 S.Ct. 386.

5. Although *Bonner Mall* dealt with vacatur of district court opinions by appellate courts, a number of district courts have applied its reasoning when deciding whether to vacate an opinion pursuant to Federal Rule of Civil Procedure 60(b).[5] *See e.g., Jewelers*

---

2. The background and relevant facts of this case are more fully described at 991 F.Supp. 722 (E.D.Pa.1997) and 991 F.Supp. 730 (E.D.Pa. 1998), familiarity with which is presumed for the purposes of this Order–Memorandum.

3. *See Avellino v. Herron*, 991 F.Supp. 730, 731 (E.D.Pa.1998) (finding that Ms. Sobolevitch's participation as amicus would afford the Court "timely and useful" information, and would aid the Court in its understanding of this matter.)

4. The plaintiff did not reply to the defendant's motion. Local Rule of Civil Procedure 7.1(c) permits, but does not require, a motion to be

granted as uncontested in the absence of a timely response. In light of the important issues raised by defendant's motion, the Court will consider the merits of the defendant's motion, rather than grant the motion as uncontested.

5. In *Bonner Mall*, the Supreme Court noted that "a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b)." 513 U.S. at 29, 115 S.Ct. 386. Given the Supreme Court's comment that a motion to vacate an opinion is properly considered under Rule 60(b),

*Vigilance Committee, Inc. v. Vitale Inc.*, 177 F.R.D. 184, 186 (S.D.N.Y.1998); *Keeler v. Mayor and City Council of Cumberland*, 951 F.Supp. 83, 83 (D.Md.1997); *Bailey v. Blue Cross/Blue Shield of Virginia*, 878 F.Supp. 54, 55 (E.D.Va.1995). Therefore, the teachings of *Bonner Mall* will be applied to the motion currently before this Court.

6. The defendant attempts to categorize this case as one in which the unilateral action of the plaintiff, i.e. voluntary dismissal of the complaint, left the defendant, in essence, cooling his heels in his attempt to obtain review of the merits of an adverse ruling. (Def.'s Mem at 3.) The Court finds this categorization to be not quite apt in this case.[6]

7. The parties sought dismissal pursuant to Rule 41(a)(1) of the Rules of Civil Procedure. Rule 41(a)(1) provides in relevant part:

> An action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice....

Fed.R.Civ.P. 41(a)(1). Therefore, under the Rule, a case may be dismissed unilaterally by the plaintiff under certain circumstances pursuant to (a)(1)(i) or by consent of all the parties who have appeared in the action under (a)(1)(ii). Under either (a)(1)(i) or (a)(1)(ii), the dismissal may be with or without prejudice.

8. In this case, the parties have filed a stipulation of dismissal,[7] signed by counsel for both parties, specifying that the dismissal was with prejudice. Therefore, this is a dismissal under Rule 41(a)(1)(ii).[8] Even assuming, as the defendant contends, that the plaintiff decided to dismiss the action "voluntarily," the defendant's consent ("stipulate and agree") to such dismissal, and the condition attached that the dismissal be with prejudice, necessarily makes the dismissal the fruit of an agreement between the parties. Fed.R.Civ.P. 41(a)(1)(ii).

■ 9. Viewed in this light, it would not be proper to allow the parties to opaque the

---

the Court will construe the defendant's motion as a motion to vacate pursuant to Rule 60(b).

6. Whether the decision by Judge Avellino to terminate the litigation was "voluntary," rather than the result of an express or implied agreement among or between some of the parties in this case or parties with whom the parties in this case have an affinity of interest, could be the subject of debate. According to Judge Herron's counsel in this litigation, while Judge Herron was not part of the agreement settling matters between Judge Avellino and the Disciplinary Board, the agreement required Judge Avellino to "discontinue this federal court action with prejudice to the satisfaction of counsel to Judge Herron...." (Tr. of 5/14/98 Tel. Conf. at 3.) Contemporaneously with the filing of the stipulation of dismissal in this case, counsel for Judge Avellino and Justice Nigro filed a stipulation of dismissal with prejudice terminating the action pending in this Court between these judicial officers; an action which arose out of the claim by Judge Avellino that Judge Herron's allegedly retaliatory actions alleged in the instant case were ordered by Justice Nigro. *Avellino v. Nigro*, Civ. No. 98–225 (E.D.Pa. filed Jan. 15, 1998) (doc. no. 10). Moreover, as reported in press accounts, it was on the eve of the hearing to be conducted by the Disciplinary Board on the charges of misconduct against Judge Avellino that Judge Avellino withdrew the federal court actions. Joseph A. Slobodzian, *Avellino Withdraws Suits Against Judges*, The Philadelphia Inquirer, May 15, 1998 at B1. Approximately one month before the dismissals of the federal actions, Judge Avellino also tendered his resignation from the Court of Common Pleas. *See* L. Stuart Ditzen, *City Judge Bernard Avellino Resigning Amid Controversy*, The Philadelphia Inquirer, April 21, 1998 at A1. Whether the confluence and sequence of these events were the result of design or happenstance is a matter the Court need not decide in connection with this motion.

7. The stipulation of dismissal reads as follows:

> **STIPULATION FOR VOLUNTARY DISMISSAL**
>
> AND NOW, Come plaintiff, by his attorneys, and defendant, by his attorneys, pursuant to Rule 41(a)(1), F.R.C.P., and Stipulate and agree that this matter shall be dismissed, with prejudice.

8. Similarly, Rule 42(b) of the Rules of Appellate Procedure, the Rule under which the interlocutory appeal of the district court's ruling pending in this case was dismissed, provides for the dismissal of the appeal upon the filing of "an *agreement* that the proceedings be dismissed." Fed. R.App.P. 42(b) (emphasis added); (*see* Tr. of 5/14/98 Tel. Conf. at 3–4).

reality of a settlement behind the illusion of a voluntary dismissal. Under the teachings of *Bonner Mall*, a party who stipulates to a dismissal, conditioned upon the complaint being dismissed with prejudice, like any other settling party, has voluntarily forfeited his legal remedy of appeal or certiorari, and surrendered his claim to the equitable remedy of vacatur. *See Bonner Mall*, 513 U.S. at 25, 115 S.Ct. 386.

10. It is true that, even when the dismissal was by reason of agreement between the parties, "exceptional circumstances may conceivably counsel in favor of [vacatur]." *Bonner Mall*, 513 U.S. at 26, 115 S.Ct. 386. However, "[a]s always when federal courts contemplate equitable relief, [the court] must also take account of the public interest." *Id.* at 26, 115 S.Ct. 386.

■ 11. In opposition to the request for vacatur, the following factors will be considered. The instant action involves public officials quarreling over issues of public import. Their dispute, in the posture presented to the Court, implicated serious issues of federalism and comity. The case has been litigated well, by able counsel, who have distilled the essence of these complex issues in their submissions and oral argument to the Court. Lacunae in the *Rooker–Feldman* jurisprudence of this Circuit were identified and addressed.[9] The judgments challenged are the fruit of the filtering of the parties' well-argued contentions through the intellectual prism and the experience of the presiding judge. Given the quality of the advocacy, the expense to the parties (largely paid, at least on one side, from the public purse), the resources allocated by the Court to reaching these judgments, and the novelty of the issues, the public has a stake in preserving them as legal precedents.[10] *Bonner Mall*, 513 U.S. at 26–27, 115 S.Ct. 386 ("[Judicial precedents] are not merely the property of private litigants."); *Humphreys*, 105 F.3d at 115 (rejecting request for vacatur in part because the opinion of the court addressed an area where there was no case law on point); *Jewelers Vigilance*, 177 F.R.D. at 186 (stating that judicial precedent is created at a cost to the public and other parties). On the other side, no public purpose, other than perhaps erasing what defendant may view as a meddlesome precedent, would be advanced by vacatur. Therefore, on balance and, under this set of circumstances, the Court cannot conclude that the public interest would be served by vacating the Court's Memorandum Opinion dated February 18, 1998 and its Order–Memorandum of December 16, 1997.

Finally, the defendant argues that the opinions and orders in this case should be vacated because the Court's ruling on the *Rooker–Feldman* issue was a "preliminary determination based on the procedural context of the action at the time of the decision." (Def's Mem. at 4.) If by "preliminary" defendant suggests that the decision did not constitute a final adjudication between the parties, the characterization is correct. It is also correct if by "preliminary" defendant suggests that no factual findings were made by the Court at this stage of the proceedings. However, if by "preliminary" defendant implies that a decision to deny a motion to dismiss is somehow tentative or temporary, that assertion would be wrong. As Dean Lewellyn pointed out long ago, that facts are "assumed" [as in the case of a motion to dismiss] "does not destroy the value or the power of the court's opinion, for the decision plus the opinion go far to show what this court that speaks will do again *upon like facts to those assumed.*" K. Lewellyn, *The Bramble Bush* 38 (1951) (emphasis in original). Therefore, from a jurisprudential view, the Court's decisions in this case are not

9. *See Avellino v. Herron* at 725 (pointing to the unresolved issue in this Circuit of whether a litigant is afforded a full and fair opportunity to litigate his claim necessary to trigger application of *Rooker–Feldman* when the state court is ruling upon the legality of its own actions.)

10. The ratio decidendi of a decision by a district court is not, of course, binding precedent. However, this does not mean that the decision is without precedential value. In our system of jurisprudence, decisions by courts of first instance generate a stream of experiences providing authority upon which the appellate courts may develop binding rules. *See generally*, Ruggero J. Aldisert, *The Judicial Process* to 777–877 (West 1976) (canvassing authorities on the role and value of precedent in the common law system of jurisprudence).

"preliminary," rather they represent the final word on what this Court would do if faced with facts similar to those assumed in this case.

**AND IT IS SO ORDERED.**